```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION

DAVID LYERLA,                      )
                                   )
Plaintiffs,                        )
                                   )
vs.                                )    NO. 2:05-CV-286
                                   )
A&A Manufacturing Co., Inc.        )
                                   )
Defendants.                        )
```

## OPINION AND ORDER

This matter is before the Court on: (1) Plaintiff's Motion for Summary Judgement, filed on July 7, 2006; and (2) Defendant's Motion to Strike Certain Statements of Material Fact, filed on July 26, 2006. For the reasons set forth below, Plaintiff's Motion for Summary Judgement is **DENIED** and Defendant's Motion to Strike Certain Statements of Material Fact is **DENIED AS MOOT**.[1]

BACKGROUND

On July 26, 2005, Plaintiff, David Lyerla, brought suit against

---

[1] Statements of material facts are to be "supported by appropriate citations to discovery responses, depositions, affidavits, and other admissible evidence." N.D. Ind. L.R. 56.1. Defendant complains that many of Plaintiff's statements are supported only by citations to the complaint. Allegations in a complaint are not evidence. *Hughes v. Joliet Correctional Center*, 931 F.2d 425, 428 (7th Cir. 1991). Defendant also complains that certain statements contain inadmissible hearsay. Despite this, as the disposition of the motion for summary judgment is not materially affected by those improper, unsupported statements, the Court declines to fully address Defendant's motion.

his former employer, Defendant, A&A Manufacturing Co., Inc., alleging he was terminated in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. section 2601, *et seq.* ("FMLA").  Plaintiff has filed the instant motion for summary judgment arguing that Defendant cannot raise any defense for having fired him for taking time off of work for a serious health condition covered by the FMLA. Defendant has not only responded to this motion, arguing that it had a good faith reason to believe that Plaintiff had used an FMLA day for reasons other than his serious medical condition, but has also filed a motion to strike claiming that most of Plaintiff's statements of material fact are unsupported by admissible evidence.

DISCUSSION

Motion for Summary Judgment

The standards that generally govern summary judgment motions are familiar.  Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper only if it is demonstrated that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  *See Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  In other words, the record must reveal that no reasonable jury could find for the nonmovant.  *Karazanos v. Navistar Int'l Transp. Corp.*, 948 F.2d 332, 335 (7th Cir. 1991); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986).  In

deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmovant.  *Anderson*, 477 U.S. at 255; *NUCOR Corp. v. Aceros Y Maquilas De Occidente*, 28 F.3d 572, 583 (7th Cir. 1994).

The burden is upon the movant to identify those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," if any, that the movant believes "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  Once the movant has met this burden, the nonmovant may not rest upon mere allegations but "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Becker v. Tenenbaum-Hill Assocs., Inc.*, 914 F.2d 107, 110 (7th Cir. 1990); *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989).  "Whether a fact is material depends on the substantive law underlying a particular claim and 'only disputes over facts that *might affect the outcome* of the suit under governing law will properly preclude the entry of summary judgment.'" *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988) (emphasis in original) (citing *Anderson*, 477 U.S. at 248).

"[A] party who bears the burden of proof on a particular issue may not rest on its pleading, but must affirmatively demonstrate, by specific factual allegations, that there is a *genuine* issue of material fact which requires trial." *Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir. 1988) (emphasis in original); *see also*

*Hickey v. A.E. Staley Mfg.*, 995 F.2d 1385, 1391 (7th Cir. 1993). Therefore, if a party fails to establish the existence of an essential element on which the party bears the burden of proof at trial, summary judgment will be appropriate.

Facts

The undisputed facts are as follows: On March 21, 2005, Plaintiff was employed by Defendant at its Gortrac Division in Valparaiso, Indiana, and was eligible for leave under the FMLA. (Heidingsfeld Dep. pp. 6-7). On that date Plaintiff had accrued a one-half day (four hours) of personal leave time. (Heidingsfeld Dep. pp. 52). Because Defendant's policy only permits a one-half day of leave time to be used for the first-half or second-half of a shift, Plaintiff could only use his accrued one-half day between 6:30 a.m. and 10:30 a.m. or between 10:30 a.m. and 3 p.m. (Heidingsfeld Dep. pp. 52-54).

Plaintiff was a defendant in a small claims collection action and had a court appearance scheduled for March 21, 2005, at 10 or 10:30 a.m. (Pl. Dep. pp. 38, 41, 43-44, 50). Plaintiff told co-workers that he intended to call off of work using an FMLA day in order to attend his March 21, 2005, court date. (Buhmann Dep. p. 20; Aff. Ronco ¶ 3). Plaintiff did, in fact, call off of work using an FMLA day for March 21. (Heidingsfeld. Dep. p. 44). Plaintiff's co-workers went to management at Defendant's facility and notified them that Plaintiff had intended to use an FMLA day to attend court on March 21.

-4-

(Buhmann Dep. p. 25; Aff. Ronco ¶ 4).  In an attempt to confirm this story, Defendant's Human Resource Manager, Nora Heidingsfeld, called an attorney who was involved in the small claims case; the attorney's office confirmed that Plaintiff did, in fact, appear in court on March 21, 2005.  (Heidingsfeld Dep. p. 50).  Defendant terminated Plaintiff for abusing his FMLA leave rights.  (Heidingsfeld Dep. p. 62).

FMLA

Plaintiff argues that Defendant violated the FMLA by interfering with his entitlement to leave benefits under the FMLA.  Specifically, Plaintiff maintains that he took March 21, 2005, off of work for a serious health condition, but that Defendant terminated him "when A&A believed Mr. Lyerla used his time to attend a court date."  (Pl's Brief, pp. 3-4).  As illustrated by the Seventh Circuit's opinion in *Kariotis*, Plaintiff's realization that Defendant had an honest, yet mistaken, belief that Plaintiff was misusing his FMLA leave establishes that summary judgment in his favor would be inappropriate.[2]

In *Kariotis v. Navistar Int'l Transportation Co.*, the plaintiff was terminated from her employment when Navistar decided that she had fraudulently accepted disability benefits.  131 F.3d 672 (7th Cir. 1997).  The Seventh Circuit stated that:

---

[2]The parties assume that Plaintiff established a prima facie case of discrimination.

> If a plaintiff can present a prima facie case of discrimination, then the defendant has the burden of explaining why it fired her, and if its reasons are nondiscriminatory of their face, the burden of proving discrimination remains with the plaintiff.  She must demonstrate that the employer's reasons (each of them, if the reasons independently caused her employer to take the action it did, *Russell v Acme-Evans Co.*, *51 F.3d 64, 69 (7th Cir. 1995)*) are not true. Moreover, if the company honestly believed in those reasons, the plaintiff loses even if the reasons are foolish or trivial or baseless. *See McCoy v. WGN Continental Broadcasting Co.*, *957 F 2d 368, 373 (7th Cir. 1992)*.  ("[T]he issue of pretext does not address the correctness or desirability of reasons offered for employment decisions. Rather, it addresses the issue of whether the employer honestly believes in the reasons it offers.").

Here, there is clearly, at the very least, a question of material fact as to whether Defendant honestly believed Plaintiff used his FMLA leave to attend a court hearing.  Defendant was informed that Plaintiff intended to use an FMLA day to attend a court date.  Then, upon further inquiry, Defendant learned that and the Plaintiff did attend court on March 21, a day Plaintiff took off of work pursuant to the FMLA.  In fact, Plaintiff has failed to present any evidence tending to establish that Defendant's reasons for terminating him were false or dishonest in any way.[3]  Therefore, summary judgment is inappropriate.

---

[3] However, because Defendant has not filed its own motion for summary judgment, it would be impermissible to dismiss Plaintiff's claims sua sponte. *See Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th 2006)(explaining that granting summary judgment sua sponte, even if the record tends to show it is warranted, is inappropriate).

CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgement is **DENIED** and Defendant's Motion to Strike Certain Statements of Material Fact is **DENIED AS MOOT.**

**DATED:  October 16, 2006**          /s/RUDY LOZANO, Judge
                                       United States District Court